IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA ECKERT BALLARD,

    Plaintiff,

v.                                                                                     CIV 10-886 JCH/WDS

THE GEO GROUP, INC., a corporation licensed
to do business in the State of New Mexico; MIKE MARTIN,
Warden The GEO Group, Inc., Northeastern New Mexico
Detention Facility, personal and professional capacity;
LIEUTENANT GRAYSON, employee: The GEO Group, Inc.,
Northeastern New Mexico Detention Facility, personal and
Professional capacity; DEBRA VEGA-COWAN, The GEO Group, Inc.,
Northeastern New Mexico Detention Facility and employee: Tri-County
Community Services, Inc., personal and professional capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon the Motion to Dismiss (Doc. 63) pursuant to Fed. R. Civ. Proc. 12(b)(6) filed by Defendants GEO Group, Mike Martin, and Lt. Grayson. Plaintiff filed a response to the Motion that essentially asked for more time to respond. Plaintiff has not responded substantively to this Motion. The failure of a party to file or serve a response within the time allowed may constitute consent to grant the motion. *See* D.N.M.L.R. 7.1(b). I have, nonetheless, reviewed Defendant's Motion on its merits. Having reviewed the Motion and considered the submissions of the parties, the record herein, relevant authorities, and being otherwise fully advised, I find that this Motion is well-taken in part and should be **GRANTED** in part and **DENIED WITHOUT PREJUDICE** in part.

### I. Procedural Background

        Plaintiff, a *pro se* litigant proceeding *in forma pauperis*, filed an Amended Complaint in this

Court for false arrest, false imprisonment, and other constitutional violations pursuant to 42 U.S.C. §1983. (Doc. 10) Plaintiff alleges that moving Defendants falsely arrested her, falsely imprisoned her, and otherwise violated her civil rights while detaining her at the Northeastern New Mexico Detention Facility, which is operated by defendant GEO Group. (Doc. 10). The Complaint seeks compensatory and punitive damages pursuant to 42 U.S.C. § 1983.

In order to resolve this motion it is not necessary for the Court to recount each and every allegation of Plaintiff's Amended Complaint. It is sufficient to note that Plaintiff generally alleges that she was wrongfully arrested and held in the detention facility, and that her treatment by the Defendants while she was being detained violated her civil rights. For purposes of this motion, however, Count Four of the Amended Complaint is captioned "Failure to Accommodate Known Disability." Plaintiff alleges that she advised the Defendants that she had severe back problems and took medication to control her blood pressure. Despite this, she alleges that not one employee of GEO Group "made any effort to accommodate her disability." She alleges that she was not provided with prescription medication and was forced to stand for long periods of time, exacerbating her back pain.

**II. Standard**

This Court liberally construes *pro se* litigants' pleadings and holds them to a less stringent standard than is required of those prepared by a lawyer. *See Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). However, this court may not assume the role of advocate for the *pro se* litigant, and need not accept as true unsupported conclusory allegations. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *Sutton v. Utah Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *Ordinance 59 Ass'n v. United States Dep't of Interior Sec'y*. 163 F.3d 1150, 1152 (10th Cir. 1998). In the event the Motion to Dismiss presents matters outside the pleading and these matters are not excluded by the court, the motion to dismiss shall be treated as a motion for summary judgment and shall be disposed of as provided in Rule 56. FED. R. CIV. P. 12(b)(6).

**III. Analysis**

Defendants make three arguments in their Motion to Dismiss. First, they argue that, to the extent that Count Four of Plaintiff's Amended Complaint can be construed as a claim for violation of the Americans With Disabilities Act ("ADA") 42 U.S.C. §12132, it fails to state a claim and should be dismissed. Second, The Defendants argue that the Amended Complaint does not state a claim against defendant Geo Group for supervisory liability or failure to train. These allegations are typically referred to as *Monell*[1] claims. Finally, the Defendants ask the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. In view of Plaintiff's *pro se* status, the Court will not construe Plaintiff's pleadings as strictly as it would construe the pleadings prepared by an attorney. *Hanies v. Kerner*, 404 U.S. 519, *reh'g denied* 404 U.S. 948 (1972).

The Court agrees with the moving Defendants that the ADA would not be violated by a prison's simple failure to attend to the medical needs of its disabled prisoners and that the statute

---

[1]*Monell v. Dept. of Social Services*, 436 U.S. 658 (1978)

does not create a remedy for medical malpractice. *See, McNally v. Prison Health Servs.*, 46 F.Supp.2d 49, 58 (D.Me. 1999). *McNally* recognized that there was a difference between a prisoner claiming that the medical treatment received for a disability was inadequate, as opposed to a prisoner claiming that he had been denied access to services or programs because of his disability. *Id.* at 58. Only the latter claim could state a claim under the ADA. *Id.* In the Court's opinion, the Plaintiff's use of the term "failure to accommodate" could be construed as an inartful attempt to state a claim under the ADA, but the Court notes that in paragraph 51 of the Fourth Count, Plaintiff clearly asserts that, as a result of Defendants' actions, she "suffered violation of her clearly established rights under the Constitution." In paragraph 52 of the Fourth Count Plaintiff alleges that Defendants' conduct was in "violation of her clearly established right to due process." There is no mention of violation of the ADA.

In the Court's view the moving Defendants are entitled to clarification of whether the Fourth Count of the Amended Complaint is an attempt to state a claim under the ADA. The facts set forth in the Amended Complaint do not state a claim under the ADA, and therefore, to the extent the Plaintiff may have been attempting to state such a claim, it is dismissed without prejudice. The Court will not dismiss Count Four in its entirety, however, because the allegations of that count are sufficient to survive a Motion to Dismiss under Rule 12(b)(6) for failure to state a claim for civil rights violations under §1983.

Since the filing of Defendants' Motion to Dismiss, the same Defendants have filed an Amended Motion for Summary Judgment (Doc. 156) which addresses their *Monell* claim and the other counts of Plaintiff's Amended Complaint. In the Court's opinion it is best to address those issues via Defendants' summary judgment motion, as the Plaintiff will have an opportunity to file a substantive response, and the briefing will be supported by a fully developed record. Accordingly,

I find that the allegations of Count Four of Plaintiff's Amended Complaint do not support a claim under the ADA, and to the extent that any such claim was intended by Plaintiff, it is **DISMISSED** without prejudice.  Count Four is not dismissed to the extent that it asserts a claim against Defendants for violation of Plaintiff's constitutional rights.  Defendants' Motion to Dismiss is **DENIED** as to the *Monell* claim and Plaintiff's claims for state law violations.  The denial of Defendants' Motion to Dismiss is without prejudice, meaning that the Court will reach these issues on their merits in ruling on Defendants' Amended Motion for Summary Judgment.

    **IT IS SO ORDERED.**

                                                      _____
                                                    **THE HONORABLE JUDITH C. HERRERA**
                                                    **UNITED STATES DISTRICT JUDGE**