IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA ECKERT BALLARD,

        Plaintiff,

  vs.                                                   CIVIL NO.  10-886 JH/LFG

THE GEO GROUP, INC., MIKE
MARTIN, NFN GRAYSON, and
DEBORA VEGA-COWAN,

        Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on *pro se* Plaintiff Linda Eckert Ballard's ("Ballard") "Motion for Reconsideration on Judgment [Doc. 174 and 177]." [Doc. 184].  The Court considered the Motion, Defendants' Response [Doc. 188], and Ballard's Reply [Doc. 191].  Oral argument is not necessary.

### Procedural Background

On March 20, 2013, the pretrial judge previously assigned to this case, Magistrate Judge W. Daniel Schneider, entered an Order granting in part and denying in part Ballard's "Motion for Default Judgment." [Doc. 177.][1] Judge Schneider construed Ballard's default judgment motion to actually be a motion to compel and ordered Defendants to produce a video if it existed.  If it did not exist, Defendants were to explain to Ballard the circumstances of the unavailability of the video. [Doc. 177, at 1-2.]

---

[1] Judge Schneider inadvertently entered an Order on this matter on March 15, 2013 [Doc. 174], but corrected its mistake by entering the March 20, 2013 Order [Doc. 177.] Thus, only the second-filed Order [Doc. 177] is at issue.

Defendants' joint response states that they filed an affidavit "reiterating that they are not in possession of any video recordings, and that they were not in possession of any video recordings at the time Plaintiff filed her lawsuit." [Doc. 188, at ¶ 2] (*citing* Doc. 179, notice of compliance).].

## **Legal Standard**

In accordance with D.N.M.LR-Civ. 73.1(a), pretrial, nondispositive matters are referred to a magistrate judge:

> A district judge may refer, without the consent of the parties, pretrial matters nondispositive of a claim or defense to a magistrate judge. Such decisions of the magistrate judge may be appealed to the district court for review on a standard of clear error or contrary to law.

Steven Baicker-McKee, William M. Janssen & John B. Corr, Federal Civil Rules Handbook, at p. 1330 (2013 ed.). *See also* Fed. R. Civ. P. 72(a) (magistrate judges must promptly conduct the required proceedings and issue an order, when appropriate, stating the decision, if a pretrial matter, not dispositive of a party's claim is referred to the magistrate judge).

In this case, Ballard disagrees with a ruling entered by previously assigned Magistrate Judge Schneider. However, she did not appeal Judge Schneider's ruling to the assigned District Judge, and the time for doing so expired. Instead, she now requests that the current pretrial Magistrate Judge[2] reconsider Judge Schneider's ruling.

The Court first observes that Ballard missed her opportunity to challenge the Magistrate Judge Schneider's decision before the District Court because the time for doing passed. Judge Schneider issued his decision on the present nondispositive matter on March 20, 2013. [Doc. 177.] Ballard had fourteen (14) days to file objections to the order. Her failure to file timely objections

---

[2]On April 5, 2013, the undersigned Magistrate Judge was assigned as the referral judge in this matter. [Doc. 183.]

2

within 14 days of March 20, 2013, results in a forfeiture of her right to appellate review of the magistrate judge's decision). *See* Franke v. ARUP Lab., Inc., 390 F. App'x 822, 828-29 (10th Cir. Aug. 16, 2010) (unpublished) (finding it immaterial that the magistrate judge's order did not warn plaintiff of the consequences of failing to file objections with the district court; nothing that in contrast to Fed. R. Civ. P. 72(b)(2), Rule 72(a) contains an express waiver provision that pro se litigants should be aware of; citing case law in support of the proposition that "a pro se litigant who fails to object timely to a magistrate judge's order on a nondispositive matter waives the right to appellate review of that order, even absent express notice from the magistrate judge" regarding consequences of a failure to timely object to ruling) (citation omitted). *See also* Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996) ("a party who fails to file timely objections to a magistrate judge's nondispositive order . . . forfeits its right to appeal.").

Notwithstanding Ballard's failure to timely object to Magistrate Judge Schneider's ruling, the Court addresses her request for reconsideration of the order at issue. In Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858 (10th Cir. 1995), the Circuit stated that the Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." Instead, courts are to construe the filing of a motion for reconsideration in one of two ways – either under Rule 59(e) or Rule 60(b).

Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *See* Servants of the Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000) (internal quotations and citations omitted). The Court construes Ballard's motion to seek reconsideration under Rule 59(e), as it was filed within 28 days after Judge Schneider's March 20, 2013 order. Fed. R. Civ. P. 59(e).

3

"The purpose [of a Rule 59(e)] motion is to correct manifest errors of law or to present newly discovered evidence." Webber v. Mefford, 43 F.3d 1340, 1345 (10th Cir. 1994) (citation omitted) (quotations omitted). Appropriate grounds for a Rule 59(e) motion include "1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Somerlott v. Cherokee Nation Distrib., Inc., 686 F.3d 1144, 1153 (10th Cir. 2012) (quotations and citation omitted). Thus, to support a Rule 59(e) motion with additional evidence, such as affidavits and documents, the moving party must show "(1) that the evidence is newly discovered, or (2) if the evidence was available at the time summary judgment was granted, that counsel made a diligent yet unsuccessful attempt to discover the evidence." Webber, 43 F.3d at 1345.

Rule 59(e) may not be used to re-litigate old matters, raise argument or present evidence that could have been raised prior to judgment. Steele v. Young, 11 F.3d 1518, 1520 n. 1 (10th Cir. 1993). *See also* David Otero v. Nat'l Distrib. Co., Inc., 627 F. Supp. 2d 1232, 1237 (D.N.M. 2009) ("Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' ") (citations omitted). In construing a 59(e) motion, the Court is vested with considerable discretion in determining whether to grant or deny the motion.

**Analysis**

Ballard presents no evidence to demonstrate an intervening change in controlling law, or that there is now new evidence previously unavailable. Thus, by default, she relies on the need to correct clear error or prevent manifest injustice. That argument, however, is baseless because there is no clear error in Judge Schneider's earlier ruling. Defendants jointly responded with an affidavit, demonstrating that they were not in possession of the requested video footage and that no such

4

footage existed when Ballard filed her lawsuit. Indeed, there was no video footage at the time of the internal investigation into Plaintiff's allegations . . . ." [Doc. 188, at 2-3, ¶ 5].

Moreover, the inference that Defendants somehow destroyed evidence to conceal alleged violations of Ballard's rights is unsupported and specifically controverted by the affidavit testimony of Warden Hatch. [Doc. 188, at ¶ 7 (*citing* Doc. 179, Ex. 1).]. The present motion is nothing more than an attempt to re-litigate an issue that Ballard lost. The motion for reconsideration is DENIED.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge