IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA ECKERT BALLARD,

        Plaintiff,

vs.                                        CIVIL NO.  10-886 JH/LFG

THE GEO GROUP, INC., MIKE
MARTIN, NFN GRAYSON, and
DEBRA VEGA-COWAN,

        Defendants.

## ORDER OVERRULING PLAINTIFF'S OBJECTION
## TO MAGISTRATE JUDGE'S ORDER [DOC. 185]

THIS MATTER is before the Court on *pro se* Plaintiff Linda Eckert Ballard's ("Ballard") "Objection to Magistrate's Order [Doc. 185] Denying Plaintiff's Motion to Extend Certain Pretrial Deadlines and Request for Reconsideration."  [Doc. 189].  The Court considered the Objection, Response [Doc. 192], and Reply [Doc. 203].  Oral argument is not required.

## Analysis

Objections to a magistrate judge's pretrial determination on nondispositive matters are governed by provisions of Fed. R. Civ. P. 72(a).  In Steven Baicker-McKee, William M. Janssen & John B. Corr, Federal Civil Rules Handbook (2013 ed.), the authors state:

> A nondispositive pretrial matter is a matter which is collateral and nonessential to a full disposition of the petitioner's claim and the defendant's liability, such as:  (1) motions relating to discovery matters . . . .

Id. at 1331.

The Court applies a deferential standard of review in considering objections to a magistrate judge's ruling on nondispositive matters.  *See* Heuser v. Johnson, 189 F. Supp. 2d 1250, 1257

(D.N.M. 2001) (noting that objections to nondispositive orders were not subject to de novo review, but rather to a deferential standard of review); *see also* NLRB v. Midwest Heating & Air Conditioning, Inc., 251 F.R.D. 622, 624 (D. Kan. 2008) (trial judge does not conduct a de novo review of objections to magistrate judge's nondispositive discovery order; instead, it applies a more deferential standard under which the moving party must show that the order is "clearly erroneous or contrary to law") (*citing* Fed. R. Civ. P. 72(a)), reconsideration denied, 2008 WL 4330022 (D. Kan. Sept. 16, 2008).

To be clearly erroneous, "a decision must strike [the court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week old unrefrigerated dead fish." "[The 'decision must be dead wrong[.]'" Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988), *cert. denied* 493 U.S. 847 (1989).  The district court is required to affirm the magistrate judge's order unless the entire evidence leaves the court "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (citation and internal quotation marks omitted).

Ballard's objections fail to convince the Court that the Magistrate Judge erred in refusing to extend case management deadlines and in refusing to reconsider.  Affording the Magistrate Judge the deferential standard to which he is entitled, the Court finds no basis to alter or amend the Magistrate Judge's ruling.  Ballard's Objection to Magistrate Judge's Order is overruled.

IT IS SO ORDERED.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE