IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA ECKERT BALLARD,

Plaintiff,

vs. CIVIL NO. 10-886 JH/LFG

THE GEO GROUP, INC., MIKE MARTIN, NFN GRAYSON, and DEBRA VEGA-COWAN,

Defendants.

**MEMORANDUM OPINION AND ORDER**
**OVERRULING PLAINTIFF'S OBJECTIONS**
**AND DENYING RECONSIDERATION**

THIS MATTER is before the Court on a number of objections filed by *pro se* Plaintiff Linda Eckert Ballard's ("Ballard"). There is no need for responses to the objections. After careful consideration of the pertinent law and pleadings, the Court overrules all of Ballard's objections to Magistrate Judges' Orders and denies her requests for reconsideration as explained below.

At issue are four separate objections filed by Ballard: (A) "Objections to Court Order Denying Reconsideration [Doc. 196] of Motion for Default Judgment Pursuant to the Inherent Powers of the Court as Sanction [Doc. 151]" [Doc. 204]; (B) "Objection to Magistrate[] [Judge's] Order [Doc. 198] Denying Motion for Enlargement of Time and Motion to Reconsider" [Doc. 209]; (C) "Objection to Magistrate[] [Judge's] Order [Doc. 19[9]] Disregarding Plaintiff's Motion to Strike as Response in Opposition to Defendants' Amended Joint Motion for Summary Judgment and Motion for Reconsideration" [Doc. 208]; and (D) "Objection to Magistrate[] [Judge's] Order [Doc. 202] Denying Motion for Leave to File Surreply and Motion for Reconsideration" [Doc. 210]. Ballard characterizes these filings as both objections and requests to reconsider rulings. Thus, the Court discusses the

applicable legal standards with respect to objections to a magistrate judge's order and motions for reconsideration.

**Discussion**

I. COURT'S REVIEW OF OBJECTIONS UNDER RULE 72(a)

In accordance with D.N.M.LR-Civ. 73.1(a), pretrial, nondispositive matters are referred to a magistrate judge:

> A district judge may refer, without the consent of the parties, pretrial matters nondispositive of a claim or defense to a magistrate judge. Such decisions of the magistrate judge may be appealed to the district court for review on a standard of clear error or contrary to law.

Steven Baicker-McKee, William M. Janssen & John B. Corr, Federal Civil Rules Handbook, at p. 1330 (2013 ed.). *See also* Fed. R. Civ. P. 72(a) (when a nondispositive pretrial matter is referred to a magistrate judge, the magistrate judge must conduct the required proceedings, and when appropriate, issue a written order stating the decision).

Magistrate judges are charged with the responsibility of case management. Here, the Magistrate Judge set appropriate case management deadlines intended to bring this case to completion within a reasonable period of time. A magistrate judge's nondispositive rulings are entitled to deference under Rule 72. To be clearly erroneous, "a decision must strike [the court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." "[T]he "decision must be dead wrong[.]" Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988), *cert. denied*, 493 U.S. 847 (1989).

Once a magistrate judge issues a written decision, a party may serve and file objections to the order within 14 days after being served with a copy. The district court judge then considers timely objections and may modify or set aside any part of the magistrate judge's order "that is clearly

erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

All of Ballard's objections challenge Magistrate Judge Lorenzo F. Garcia's decisions, and the Court concludes that all objections were timely filed. Thus, the Court first determines whether any of Ballard's objections demonstrate that Judge Garcia's decisions were "clearly erroneous" or "contrary to law." The Court also analyzes the requests for consideration. *See* discussion *infra*.

**Ballard's Objections**

A. OBJECTIONS TO DOC. 196 [Doc. 204]

On May 14, 2013, Judge Garcia entered an Order [Doc. 196] denying Ballard's "Motion for Reconsideration on Judgment [Doc. 174 and 177]." The Magistrate Judge observed that Magistrate Judge W. Daniel Schneider, the referral magistrate judge previously assigned to this case, entered an Order granting in part and denying in part Ballard's "Motion for Default Judgment." [Doc. 177.] Judge Schneider construed Ballard's default judgment motion to actually be a motion to compel. The Magistrate Judge ordered Defendants to produce a video to Ballard, to the extent it existed. If Defendant did not possess a video, Defendants were directed to explain to Ballard the circumstances of the unavailability of the video. [Doc. 177, at 1-2.] Defendants attached an affidavit in response stating they were not in possession of any video recordings. [Doc. 188, at ¶ 21.]

Ballard disagreed with Judge Schneider's ruling, but did not appeal that ruling to the assigned District Judge. The time for doing so expired. Magistrate Judge Garcia, in denying her motion to reconsider, observed that Ballard's failure to file timely objections to Judge Schneider's decision resulted in a forfeiture of her right to appellate review of the magistrate judge's decision.

Notwithstanding Ballard's failure to timely object to Judge Schneider's ruling, Judge Garcia considered her motion to reconsider, determining that she presented no evidence to justify reconsideration under Rule 59(e). Thus, the Magistrate Judge denied her motion, noting that Ballard

was merely attempting to re-litigate an issue she already lost. [Doc. 196.]

The present objections [Doc. 204] state, on the one hand, that she agreed to Judge Schneider's characterization of her default judgment motion as a motion to compel, but that she still is entitled to default judgment. Ballard's objections make no sense and provide no grounds to modify or set aside Judge Garcia's order denying reconsideration. Judge Garcia's decision was neither clearly erroneous nor contrary to law. Therefore, the Court overrules Ballard's objections to Judge Garcia's May 14, 2013 Order [Doc. 196.]

B. OBJECTIONS TO DOC. 198 [Doc. 209.]

On May 14, 2013, Judge Garcia entered an Order denying Ballard's request to extend the time to respond to Defendants' joint amended summary judgment motion. [Doc. 198.] Judge Garcia noted that Defendants filed the amended summary judgment motion on January 24, 2013, and that Ballard's response was due no later than February 11, 2013. Ballard was required to seek an extension of time to respond prior to the deadline to respond. Otherwise, she was required to demonstrate good cause for the late request to extend or excusable neglect for her failure to make a timely motion. [Doc. 198, at 2.]

Because Ballard did not file a motion to extend until February 19, 2013, Magistrate Judge Garcia denied her late request. In so ruling, Judge Garcia found that Ballard failed to demonstrate excusable neglect for her delay in requesting an extension of time. [Id.]

Ballard now objects; however, the majority of her 8-page objections consist of an unnecessary discussion of the federal rules of civil procedure, amendments to the rules, 28 U.S.C. § 636, Fed. R. Civ. P. 5 (service of pleadings), Rule 12(f) (motions to strike), Rule 56 (summary judgment), the procedural history of this case, including rulings on discovery, and the United States Postal Service's challenges. [Doc. 209, at 1-5, 7.] In addition, she raises brief arguments as to why her flu symptoms

and bad weather amounted to excusable neglect justifying her late request to file a response – arguments that Judge Garcia already rejected in his Order. [Doc. 198.]

While Ballard states she remains confused as to how to calculate deadlines to file motions or response, she did not demonstrate clear error by the Magistrate Judge or that Judge Garcia's decision was wrong. Therefore, the Court overrules Ballard's objections to Judge Garcia's May 14, 2013 Order [Doc. 198].

C. <u>OBJECTIONS TO DOC. 199</u> [Doc. 208.]

On May 14, 2013, Magistrate Judge Garcia also entered an Order disregarding Ballard's late response to Defendants' amended summary judgment motion. [Doc. 208.] Ballard's numerous, extensive pleadings and characterization of those pleadings confuse this matter. For example, she identified the underlying attempt to file a late response to Defendants' amended summary judgment motion as a "motion to strike." [Doc. 169.] Then, in these objections to Judge Garcia's Order [Doc. 199], she identified the wrong order by stating she challenged Doc. 198 instead of Doc. 199. She spoke to the Clerk's Office and clarified that even though her objections [Doc. 208] specified a challenge to Doc. 198, she intended to object to Doc. 199. Thus, the docket entries were clarified to link her objections [Doc. 208] to Judge Garcia's Order [Doc. 199.]

Judge Garcia correctly characterized Ballard's "motion to strike" as an untimely response to Defendants' amended summary judgment motion. [Doc. 199.] Judge Garcia observed that her "motion to strike"/response consisted of 37 pages and was accompanied with 122 pages of exhibits. [Doc. 199, at 1.] Ballard set out a purported statement of undisputed facts and the summary judgment standard in the filing.

Judge Garcia noted that Ballard's response to the summary judgment motion was due no later than February 11, 2013. Defendants filed a notice of completion of briefing on March 25, 2013,

notifying the Court that no response was filed by Ballard. Then, Ballard sought an extension to respond after her deadline for filing a response expired. Judge Garcia denied her request. [Doc. 198.]

Ultimately, Judge Garcia concluded that Ballard filed an untimely response to the amended summary judgment motion without leave of Court. Because it was untimely, the Magistrate Judge disregarded Ballard's attempted response, couched as a motion to strike. [Doc. 199.]

The Magistrate Judge's decision to disregard the untimely and unauthorized filing is well within the Court's prerogative as a case manager. In addition, although the Court liberally construes *pro se* filings, Ballard's *pro se* status does not exempt her from following procedural rules. *See* Murray v. City of Tahlequah, 312 F.3d 1196, 1199 n. 3 (10th Cir. 2002). Moreover, the fact that Ballard proceeds *pro se* is not evidence itself of excusable neglect or good cause for failure to adhere to procedural rules.

The Court finds no basis to conclude that the Magistrate Judge's determination was wrong. Accordingly, after affording the Magistrate Judge the proper deference as required by law, the Court overrules Ballard's objections to Judge Garcia's May 14, 2013 Order [Doc. 199].

D. OBJECTIONS TO DOC. 202 [Doc. 210.]

On May 20, 2013, Magistrate Judge Garcia entered an Order denying Ballard's opposed motion for leave to file a surreply in support of her response to Defendants' amended summary judgment motion. [Doc. 202.] Judge Garcia again recited the procedural history of this case, including his pertinent Orders. The Magistrate Judge denied Ballard's earlier, untimely request to file a late response in opposition to the summary judgment motion, and disregarded Ballard's attempt to file a late response. *See* [Docs. 208, 209.] Thus, the Magistrate Judge concluded there was no basis for Ballard to file a "surreply" when she had not filed a timely response in the first place. [Doc. 202.]

Judge Garcia further noted that even if he were to consider Ballard's late response and

Defendants' subsequent, unnecessary reply, the Court would deny Ballard's request to file a surreply because she did not demonstrate that the reply brief raised new arguments or issues. Thus, Judge Garcia denied Ballard's request to file a surreply. [Doc. 202.]

In her 10-page objections, Ballard unnecessarily set forth legal standards concerning calculation of deadlines, along with a lengthy discussion of summary judgment procedure under Rule 56. Her objections do not identify that any portion of Judge Garcia's Order was clearly erroneous or contrary to law. This is particularly true, since the Magistrate Judge is authorized to set case management and motion deadlines. Moreover, no rules authorize the filing of a surreply.

> Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply. If the district court does not rely on the new material in reaching its decision, however, it does not abuse its discretion by precluding a surreply. "Material," for purposes of this framework, includes both new evidence and new legal arguments.

Green v. New Mexico, 420 F.3d 1189, 1197 (10th Cir. 2005). Here, even if Defendants raised new arguments or issues in its reply, the Magistrate Judge did not consider the reply in reaching his findings and recommendations. *See* [Doc. 207.]

The Court concludes that the Magistrate Judge's ruling was neither clearly erroneous nor contrary to law. There is no basis to conclude that Judge Garcia's Order denying leave to file a surreply, under these circumstances, was wrong. Therefore, the Court overrules Ballard's objections to Judge Garcia's May 20, 2013 Order [Doc. 202].

## Ballard's Requests for Reconsideration

## II. MOTIONS FOR RECONSIDERATION

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to

Fed.R.Civ.P. 60(b) . . . . "If the motion is filed within [28] days[1] of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e)." Hatfield v. Bd. County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir. 1995) If the motion [to reconsider] is served after [28 days from entry of the final judgment], and within a "reasonable time," the Court may construe the motion for reconsideration under Rule 60(b). Id. *See also* Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). *See also* Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995) (holding that because the rules do not recognize a motion for reconsideration, such motions are construed under either Fed.R.Civ.P. 59(e) or 60(b)).

Ballard's four sets of objections [Doc. Nos. 204, 208, 209, and 210] seek reconsideration of Judge Garcia's Orders, at least as set out in the caption of her filings. The Court considers Ballard's requests for reconsideration to be timely filed. Thus, the Court determines whether any of Magistrate Judge Garcia's Orders are subject to consideration under either Rule 59(e) or 60(b).[2]

If a motion to reconsider is timely under both Rule 59 or 60, the Court construes it depending on the reasons expressed by the movant. Jennings v. Rivers, 394 F.3d 850, 855 (10th Cir. 2005). Here, Ballard provides little support for reconsideration, as she mainly seeks to object to the Magistrate Judge's Orders. For example, in some of her objections, Ballard summarily argues that the Court should reconsider Magistrate Judge Garcia's rulings, without providing any argument or

[1]Effective December 1, 2009, Rule 59 was amended to allow up to 28 days to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e).

[2]Typically, the Magistrate Judge would analyze and decide a motion to reconsider its own decision. However, in this case since Ballard's filings contain objections that must be ruled on by the District Court Judge, along with requests for reconsideration, the undersigned District Court Judge decides both the objections and reconsideration requests.

grounds as to why the Orders should be reconsidered. In other objections, Ballard briefly alludes to Rule 59 or Rule 60 and provides unsubstantiated argument that "her case is extraordinary" and "certainly presents exceptional circumstances," that Judge Garcia committed "manifest errors of law," or that there is newly discovered evidence. *See, e.g.,* [Doc. 204, at 4.]

A Rule 59(e) motion is the appropriate vehicle "to correct manifest errors of law or to present newly discovered evidence." Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997) (*quoting* Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992)). A Rule 59(e) motion is intended to allow a district court to correct mistakes immediately after judgment. White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450 (1982). Another appropriate ground to support a Rule 59(e) motion is demonstration by the movant of an intervening change in the controlling law.

A Rule 60(b) motion is appropriate for, among other things, "mistake, inadvertence, surprise, or excusable neglect" and "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b)(1), (2). More specifically, Rule 60 permits a court to relieve a party from a previous order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief from the operation of the judgment.

Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006); Fed. R. Civ P. 60(b). A litigant must demonstrate "exceptional circumstances" by satisfying at least one of Rule 60(b)'s six grounds for relief. Van Skiver, 952 F.2d at 1243-44. *See also* Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995 (motion for reconsideration "is an extreme remedy to be granted in

rare circumstances.")

Ballard failed to demonstrate any of the grounds that would support relief from the Orders at issue, under either Rule 59(e) or Rule 60(b). For example, she did not show an intervening change in the controlling law, or that she discovered new evidence that was previously unavailable to her. Further, she did not demonstrate that the Magistrate Judge committed clear error or that reconsideration is necessary to prevent manifest injustice. Indeed, Ballard merely reargued her earlier positions that the Magistrate Judge carefully considered and rejected. The Court finds that Ballard did not make a sufficient showing under either Rule 59(e) or Rule 60(b) to allow reconsideration of any of the four Orders.

Therefore, the Court denies reconsideration of the Magistrate Judge's Orders under Rules 56(e) and 60(b).

**Conclusion**

Because the Court found no basis to sustain the objections, it overrules all of Ballard's objections as explained above. In addition, Ballard established no grounds to reconsider Judge Garcia's Orders. Accordingly, the Court denies her requests for reconsideration.

IT IS SO ORDERED.

JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE