IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA ECKERT BALLARD,

        Plaintiff,

  vs.                                              CIVIL NO.  10-886 JH/LFG

THE GEO GROUP, INC., MIKE
MARTIN, NFN GRAYSON, and
DEBRA VEGA-COWAN,

        Defendants.

## **O R D E R**

THIS MATTER is before the Court on Plaintiff Linda Eckert Ballard's ("Ballard") "Motion for Leave to File Enlargement of Time to Amend Her Motion and Application for Leave to Bring Interlocutory Appeal and Reply to Defendants' Response in Opposition," filed June 12, 2013 [Doc. 214]. There is no need for a response.

On May 23, 2013, Ballard filed a motion and application for leave to bring an interlocutory appeal [Doc. 205] with respect to the Court's March 20, 2013 Order [Doc. 202]. The Court's March 20, 2013 Order construed Ballard's motion for default judgment as a motion to compel and declined to enter judgment in favor of Ballard on all of her claims. [Docs. 177, 202.]

Ballard's motion seeking permission to file an interlocutory appeal in reference to the Court's March 20, 2013 Order [Doc. 202] is unlikely to have any success. *See* Fisher Sand & Gravel, Co. v. Giron, 465 F. App'x 774, 777 (10th Cir. Mar. 6, 2012) (unpublished) (interlocutory appeals, governed by 28 U.S.C. § 1292(b), are the exception not the rule). Indeed, in Defendants' response to Ballard's motion, they state that Ballard's motion was filed more than two months after

the March 20, 2013 Order and set out no argument or discussion of the pertinent statutory authority, § 1292(b). [Doc. 206.] In addition, Ballard's default judgment motion did not involve a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal would not materially advance the ultimate termination of this litigation. *See* 28 U.S.C. § 1292(b) (setting out requirements).

Notwithstanding the unlikeliness of granting Ballard's request, she seeks 14 days to amend her motion and application to bring an interlocutory appeal and 14 days to file her reply in support of her application. [Doc. 214, at 2, ¶ 3.] Ballard's request does not make sense. For example, it is not clear if she believes she can file an amended application for permission to file an interlocutory appeal, along with her reply to Defendants' response, or how she intends to submit her filings in relation to her application.

The Court observes that Ballard did file her request for extension of time before her deadline for filing a reply – June 17, 2013. Thus, the Court may grant Ballard's motion if good cause exists for extending the time to file her reply. Fed. R. Civ. P. 6(b)(1) (when act must be done within a specified time, the court may, for good cause, extend the time if a request is made before the original deadline expires).

Here, however, good cause does not exist to allow Ballard additional time to file an amended application to file an interlocutory appeal or to file a reply past her original deadline of June 17, 2013. Ballard's grounds for the requested extensions are not persuasive. She states she was "inundated with major Orders [Docs. 196, 197, 198, 199, 200, 202 . . . ."] and Defendants' response in opposition to her application [Doc. 206]. She also observes that the undersigned Magistrate Judge filed his Report and Recommendation [Doc. 207] proposing that Defendants' amended summary judgment motion be granted and that this matter be dismissed with prejudice. Most of the Court's

Orders that Ballard references are not "major Orders." One is a routine Order referring this matter for findings and recommendations by the undersigned Magistrate Judge [Doc. 197]; another denies Ballard's request for extension [Doc. 198]; and another disregards Ballard's untimely attempted response to the amended summary judgment motion [Doc. 199]. In the text-only entry [Doc. 200], the Court vacated the trial setting. In Doc. 202, the undersigned Magistrate Judge denied Ballard's request to file a surreply.

None of the Orders are "major," and, indeed, none required any action by Ballard. Nonetheless, Ballard filed a number of objections to the Orders that the Court overruled. [*See* Docs. 211, 212.] Ballard's reference to such Orders, or the fact that she may feel "inundated" by the Orders, does not justify an extension of time to amend her application for leave to file an interlocutory appeal. Nor does it demonstrate good cause to extend the time to reply to her original application.

The Court's Report and Recommendation is, however, more significant as it proposes to dismiss Ballard's litigation, with prejudice. [Doc. 207.] The Court observes that Ballard already filed her objections[1] to the Report and Recommendation. [Doc. 213.] Thus, the Court is ready to consider Ballard's objections to the Report and Recommendation and will be filing an Order in the near future with respect to the Report and Recommendation.

Because the Court determines that good cause does not warrant an extension of time either for Ballard to amend her application for leave to file an interlocutory appeal or to file a reply in support of her original application, the Court denies the request. This means that the Court will

---

[1]Ballard exceeded page limits with respect to her objections and exhibits which total 211 pages. Her objections were limited to 27 double-spaced pages. Her exhibits should not have exceeded 50 pages. *See* D.N.M.LR-Civ. 7.5, 10.5, and 72.1.

analyze Ballard's original motion and application [Doc. 205], along with Defendants' response [Doc. 206], unless Ballard files a reply by her original deadline of June 17, 2013.

Additionally, the Court cautions Ballard that if she continues to file frivolous and unfounded motions and objections requiring court attention, along with briefing by the opposing parties, the Court will consider sanctioning Ballard. Sanctions may include a recommendation of dismissal or a recommendation that Ballard pay opposing counsel reasonable attorney's fees in relation to filing frivolous motions. *See* Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992). At present, the Court advises that there is no need for additional motion practice, unless Ballard files a timely reply in support of her original application for permission to file an interlocutory appeal. In the near future, the Court will resolve that motion/application, and upon a *de novo* review of Ballard's objections, will promptly file an Order addressing the Report and Recommendation. If the Court rejects or significantly amends the undersigned Magistrate Judge's proposal to dismiss, the case may proceed. If the Court adopts the Magistrate Judge's Report and Recommendation and enters Judgment in favor of Defendants, Ballard will have an opportunity to appeal the decision.

IT IS THEREFORE ORDERED that Ballard's Motion [Doc. 214] is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge