IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA ECKERT BALLARD,

        Plaintiff,
vs.                                                CIVIL NO. 10-886 JH/LFG

THE GEO GROUP, INC., MIKE
MARTIN, NFN GRAYSON, and
DEBRA VEGA-COWAN,

        Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
GRANTING SUMMARY JUDGMENT,
AND DISMISSING ACTION WITH PREJUDICE**

THIS MATTER is before the Court on the Magistrate Judge's Report and Recommendation, proposing to grant Defendants' amended summary judgment motion and dismiss this matter, with prejudice. [Doc. 207.] On June 13, 2013, Plaintiff Linda Eckert Ballad ("Ballard") filed objections. [Doc. 213.] The district court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Id.

**Discussion**

There are multiple problems with Ballard's objections and exhibits. The objections, while timely filed, do not comply with the district's local rule concerning page limits. The District's Local Rules impose a page limitation as to both motions or objections and exhibits. In accordance with D.N.M.LR-Civ. 7.5, 10.5 and 72.1, the objections could not exceed 27 double-spaced pages, and exhibits were not to have exceeded 50 pages. Notwithstanding these express limitations, Ballard's

objections total 62 pages and her exhibits total 149 pages.  These excess filings were made without seeking Court permission to exceed the maximum page limits allowed.

While a *pro se* litigant's pleadings are liberally construed, Garza v. Davis, 596 F.3d 1198, 1201 n. 2 (10th Cir. 2010), the liberal construction does not give leave for a *pro se* litigant to ignore the rules of the procedure.  To the contrary, a *pro se* litigant is required to comply with the same rules of practice and procedure that are applicable to any licensed attorney.  *See* Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) ("Pro se parties [must] follow the same rules of procedure that govern other litigants.")

The Court concludes that Ballard's objections and exhibits are violative of the rules , and are subject to being stricken in their entirety.  Or, the Court could have stopped reading at page 27 of the objections and page 50 of the exhibits.  However, the Court carefully poured through the voluminous materials in an attempt to decipher what specific objections Ballard raised with respect to Magistrate Judge Garcia's findings and recommendations.  Ballard's objections are far from specific.  Indeed, the task of identifying any specific objections is almost impossible because she insisted on supplementing her filings with materials that are irrelevant to the task at hand.  *See* Bagwell v. Safeway Denver Milk Plant, 437 F. App'x 689, 691 (10th Cir. Aug. 25, 2011) (unpublished) ("failure to make timely and *sufficiently specific* objections to a magistrate judge's findings or recommendations waives appellate review of both factual and legal questions.") (emphasis added) (citations omitted).  *But see* Morales–Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005) (firm waiver rule does not apply: "when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review.").

Here, Ballard was informed of the deadline to file objections and she was advised that failure to file objections waived appellate review. [Doc. 207, at 1 n.1.] However, she was not expressly informed that she must make *specific* objections to avoid waiver. In an abundance of caution, the Court examines any arguments set forth by Ballard that might be construed as objections to Judge Garcia's Report and Recommendation and makes a *de novo* review of any such objections.

## Objections

The first seven pages of Ballard's filing [Doc. 213] do not set forth any objections to Judge Garcia's Report and Recommendation. Instead, Ballard merely cites and quotes from various federal rules of civil procedures, most of which have no bearing on this matter. *See, e.g.,* Fed. R. Civ. P. 73 (Magistrate Judges: Trial by Consent; Appeal). The Court disregards pages 1-7 of Ballard's filing. [Doc. 213.]

The next 11 pages of Ballard's filing address what she characterizes as the "procedural history" of this litigation. [Doc. 213, at 7-18.] For example, she discusses motions she filed in November 2012 [Doc. 151], discovery deadlines that she mistakenly states terminated on November 13, 2013, and many other motions that the Court previously denied, *e.g.,* motion to strike, motion for enlargement of time, motion to extend pretrial deadlines, motion for default judgment, motion for leave to file a surreply. [Doc. 213, at 7-12.] On page 17 of her filing, Ballard listed what she considered to be "open motions and objections before the Court." Ballard is mistaken. The only pending matter before the Court is Magistrate Judge Garcia's Report and Recommendation. There are no objections to Judge Garcia's Report and Recommendation on pages 7-18 of Ballard's filing [Doc. 213], and the Court disregards those pages.

Beginning on page 18, Ballard sets out a version of her "statement of undisputed facts." [Doc. 213, at 18-26.] A statement of undisputed facts is typically presented in response to a motion

3

for summary judgment. Pages 18-26 of Ballard's filing contains no objections to Judge Garcia's Report and Recommendation. Thus, the Court disregards those pages.

On page 26 of the filing, Ballard attempts to reargue what she characterized as a motion to strike. The Court characterized the filing as an untimely response to Defendants' amended summary judgment motion and disregarded the filing. [Docs. 169, 199.] Ballard also contends that Judge Garcia erred in considering her motion to strike as an attempted response to Defendants' amended summary judgment motion. She clarifies that, notwithstanding having set out the summary judgment standard and her own statement of undisputed facts in her 37-page motion to strike (with 122 pages of exhibits), she actually wanted the Court to strike Defendants' amended summary judgment motion.

Although Judge Garcia's Report and Recommendation discusses the procedural history as it relates to Defendants' amended summary judgment motion and Ballard's failure to submit a timely response in opposition, Ballard did not identify any specific portion of Judge Garcia's findings or recommendations to which she objects. Moreover, to the extent that any of Ballard's long-winded, and sometimes nonsensical, arguments might be construed as objections, the Court conducted a *de novo* review and concludes that Ballard identifies no error by the Magistrate Judge in denying her "motion to strike" or in disregarding an untimely response to the amended summary judgment motion. Ballard did not provide any legally sufficient grounds to strike Defendants' amended summary judgment motion. Indeed, the majority of Ballard's argument is nothing more than another attempt to rehash arguments and objections the Court already rejected. There is no basis to modify or amend the Magistrate Judge's Report and Recommendation as it relates to the summary judgment pleadings. Thus, the Court disregards parts of pages 26-38 of the objections and overrules all objections in relation to the Magistrate Judge's findings and recommendations.

4

On page 38 of the filing, Ballard sets out a section entitled "discussion," wherein she argues that her federal claims have merit and that Defendants must be held accountable. [Doc. 213, at 38.] Ballard's argument goes on for pages and discusses cases from other jurisdictions as well as allegations in support of her claims. This lengthy section, continuing for another 19 pages, consists of conclusory argument why her claims have merit or argument why Defendants' amended summary judgment motion should be denied. However, Ballard fails to identify any exact portion of Judge Garcia's Report and Recommendation that contains error or to which she specifically objects. Thus, the Court disregards pages 38-57 of the filing. [Doc. 213.]

Ballard provides several pages setting out the summary judgment standard and attempts to "include by reference" various other motions she filed earlier. [Doc. 213, at 57-58.] She also set out a paragraph concerning "filing restriction warning." [Doc. 213, at 58.] In Judge Garcia's Report and Recommendation, he noted many other lawsuits filed by Ballard that were dismissed or failed to state a claim. Judge Garcia observed that Senior District Court Judge James A. Parker warned Ballard in another lawsuit that the Court could impose filing restrictions if she persisted in filing lawsuits that failed to state a legally cognizable federal claim. [Doc. 207, at 29-32.]

While Ballard commented on this warning by Judge Garcia and Judge Parker, she did not specifically object to the grounds for the warning. Instead, she explained, in her view, why certain other lawsuits she brought were dismissed. She argued summarily that another case, for example, "obviously had merit." To the extent that the Court construes this part of Ballard's filing to be an objection, the Court overrules the objection and finds no grounds to amend or modify Judge Garcia's Report and Recommendation.

At the end of her 60-page filing, Ballard asks the Court to reexamine and grant various motions she filed that the Court already denied and to deny Defendants' amended summary

judgment motion. Again, these types of requests do not constitute specific objections to Judge Garcia's Report and Recommendation, and the Court disregards them.

**Exhibits**

The Court also reviewed Ballard's approximate 150 pages of exhibits. It is less than clear why Ballard attached most, if not all, of the exhibits in support of her filing. She provided her own affidavit, but that affidavit does not specifically challenge any portion of the Magistrate Judge's Report and Recommendation. [Doc. 213-1.] For example, Ballard asserts in her affidavit that she never suffered from delusions, illusions, illusions of grandeur, psychotic episodes, etc. and that she was the victim of more than one violent crime in the past. Such assertions are not support for objections to Judge Garcia's Report and Recommendation. Moreover, even had Ballard timely submitted her affidavit in opposition of Defendants' amended summary judgment motion, the affidavit is self-serving and based on inadmissible hearsay. Ballard's sister also provided an affidavit, stating she was available for contact via her cell phone on the dates in question. The affidavit is of no assistance and has no bearing on possible objections to Judge Garcia's Report and Recommendation. [Doc. 213-1, at 24.]

Ballard also included a set of "objections," she apparently never filed in this litigation, identified as "Objections to Suspicious Documents Used in Support of Defendants' Amended Joint Motion for Summary Judgment." [Doc. 213-1, at 26.] Again, an unfiled document such as this serves no purpose in analyzing any possible objections Ballard has to Judge Garcia's Report and Recommendation.

In addition to affidavits and unfiled documents, Ballard attaches New Mexico Corrections Departments regulations, portions of New Mexico Statutes, "pages pertaining to the Mental Health Act," [Doc. 213-2], web search pages allegedly showing false advertising by a Defendant in this

case, a GEO refund check made out to Ballard in the amount of $17.82 [Doc. 213-3, at 37], a 2012 HIPPA authorization, and various other documents that were attached in support of Defendants' amended summary judgment motion.

None of the exhibits support objections to Judge Garcia's Report and Recommendation, and the Court disregards all of the exhibits.

### Report and Recommendation

Judge Garcia recommended that Defendants' amended summary judgment motion be granted. While Ballard failed to file a timely response in opposition to the motion, Judge Garcia did not recommend dismissal of her complaint and claims on that ground. [Doc. 207.] Instead, the Magistrate Judge appropriately noted Tenth Circuit Court of Appeals precedent advising that it was improper to grant a motion for summary judgment based only on a party's failure to respond. *See* Murray v. City of Tahlequah, 312 F.3d 1196, 1200 (10th Cir. 2002). The Magistrate Judge further noted that although summary judgment could not be granted on that basis alone, Ballard's failure to file a response constituted a waiver of factual challenges. Thus, Defendants' proposed undisputed facts were deemed uncontested. [Doc. 207, at 4.]

The Magistrate Judge's analysis was absolutely correct. Since Ballard did not respond to Defendants' amended summary judgment motion, she was unable to challenge any of the undisputed facts relied upon by Defendants, which were supported by competent, admissible evidence. *See, e.g.,* D.N.M.LR-Civ. 56.1(b) (all material facts set forth in the movant's memorandum are deemed undisputed unless specifically controverted). To the extent that Ballard's "objections" now attempt to dispute Defendants' uncontested facts, it is too late. Ballard's after-the-fact attempt to inject her version of the facts by including them in her objections is unavailing.

**Conclusion**

Suffice to say that the Court considered the entirety of Ballard's filings, finds them violative of the district's local rules, and concludes that nothing in her objections compels the Court to modify, amend, or reject the Magistrate Judge's thoughtful, carefully analyzed, and well-written Report and Recommendation.

As noted above, the Court disregards many of the pages of Ballard's filing and all of her exhibits. To the extent that the Court could identify an objection in those pages, it overrules all objections. The Court adopts the entirety of the Report and Recommendation. Having adopted the Report and Recommendation, the Court grants summary judgment in favor of Defendants and against Ballard. The Court orders that Ballard's Amended Complaint, in its entirety, and all claims against Defendants be dismissed with prejudice.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE